UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER HALVERSON,<br><br>Plaintiff,<br><br>v.<br><br>PERMANENT GENERAL ASSURANCE CORPORATION also known as THE GENERAL ASSURANCE, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:19-cv-01272-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Defendant Permanent General Assurance Corporation's ("Defendant") Motion to Dismiss and Strike. (ECF No. 20.) Plaintiff Tyler Halverson ("Plaintiff") filed an opposition. (ECF No. 23.) Defendant replied. (ECF No. 26.) For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 4, 2016, Defendant, the insurer, identified Plaintiff as "insured" and confirmed Plaintiff's Toyota Avalon ("Avalon") was covered under an insurance policy (the "policy"). (ECF No. 19 at 3.) On June 10, 2016, Plaintiff collided with another vehicle (the "third party") while driving a 2004 Chrysler Town & Country ("Chrysler"). (*Id.* at 3.) Plaintiff alleges he gave Defendant prompt notice of the collision and informed Defendant that the Chrysler was not the vehicle listed on the policy. (*Id.*)

Between July 13, 2016 and August 24, 2016, Plaintiff and Defendant corresponded about coverage. (*Id.* at 3–4.) In November 2018, the third party's insurance company pursued Plaintiff in a subrogation action to recover over $93,000 paid out on an uninsured motorist claim. (*Id.* at 4–5.) Plaintiff allegedly did not learn that Defendant denied coverage for the bodily injury and property damage sustained by the third party until the subrogation action in November 2018. (*Id.* at 4.) Plaintiff alleges he was forced to hire counsel to address both the subrogation claim and the denial of liability coverage. (*Id.* at 5.) Plaintiff alleges he was also forced to take out a personal loan of $20,000, which the third party's insurance company accepted in satisfaction of the subrogation claim. (*Id.*)

On May 22, 2019, Plaintiff filed a complaint in Shasta County Superior Court alleging claims for breach of contract (Claim One), breach of implied covenant of good faith and fair dealing (Claim Two), and deceit/fraud (Claim Three). (*Id.* at 1.) On July 9, 2019, Defendant removed the action based on diversity jurisdiction. (ECF No. 1.) On February 6, 2020, Plaintiff filed the operative Second Amended Complaint ("SAC"). (ECF No. 19.) On February 26, 2020, Defendant filed the instant motion to dismiss the SAC pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 20.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79

(2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**III.   ANALYSIS**

Defendant moves to dismiss the SAC in its entirety. (ECF No. 21 at 6.) The Court will address Plaintiff's claims in turn.

A.   <u>Claims One and Two</u>

In Claim One, Plaintiff alleges Defendant breached the policy by refusing to indemnify Plaintiff for the third party's claims. (ECF No. 19 at 7.) In Claim Two, Plaintiff alleges Defendant breached the implied covenant of good faith and fair dealing based on the same allegations. (*Id.* at 10.) Defendant moves to dismiss these claims for three reasons.[1] (ECF No. 21 at 6–10.) First, Defendant argues it is not liable for the subrogation claim because Plaintiff never notified Defendant about the subrogation claim. (*Id.* at 6–7.) Second, Defendant argues it can refuse to reimburse Plaintiff's voluntary payment to the third party's insurance company. (*Id.* at 8–9.) Third, Defendant argues there is no obligation because Plaintiff was driving a car that was not a covered vehicle under the policy. (*Id.* at 9–10.) The Court will address each of Defendant's arguments.

*i.   Notice*

Defendant first argues it never received notice of the subrogation claim. (ECF No. 21 at 7–8.) Under § 1 of the policy, Defendant has no duty to provide coverage unless notice is given. (*Id.*; ECF No. 19 at 27.)

A notice provision in an insurance policy "requires the insured to inform the insurer promptly of any claims, suits, or occurrences, and obligates the insured to forward immediately to the insurer a copy of [anything] received in connection with a claim or suit." *Belz v. Clarendon*

---

[1] Defendant does not present a separate argument as to Claim Two. Instead, Defendant merely argues, "Where there is no coverage, there can be no breach of the contract and no breach of the implied covenant of good faith and fair dealing." (ECF No. 21 at 10.) The Court construes Defendant's arguments to apply both to Claims One and Two and discusses both claims together.

*America Ins. Co.*, 158 Cal. 4th 615, 625 (2007).  However, under California law, failure to give notice does not excuse the insurer's performance unless the insurer can show it suffered prejudice.  *Id.* at 625–26.

In the SAC, Plaintiff alleges he gave Defendant prompt notice of the underlying collision.  (ECF No. 19 at 3.)  Plaintiff further alleges he requested Defendant investigate, defend, and indemnify Plaintiff and Defendant knew Plaintiff was seeking defense and indemnity against claims by the third party as evidenced by email communications.  (*Id.* at 3, 9.)  In opposition, Defendant concedes it was given prompt notice of the underlying collision but argues Plaintiff was required to give notice as to the subsequent subrogation claim as well.  (ECF No. 26 at 4.)  Defendant fails to cite *any* authority to suggest the initial notice was insufficient or that Plaintiff needed to separately notify Defendant of the related subrogation claim.  As it is, the cited portion of the policy states the insured must give the insurer notice of "the accident or loss."  (ECF No. 21 at 7.)  There is at the very least a reasonable inference that Plaintiff properly did so by notifying Defendant of the underlying collision and potential third-party claims.  Moreover, Defendant did not raise any argument about prejudice in its briefing.  *See Belz*, 158 Cal. 4th at 633–34; *see also Truck Ins. Exch. v. Unigard Ins. Co.*, 79 Cal. 4th 966, 975 (2000) (stating an insurer is relieved of liability upon a breach of a notice provision if the insurer can prove the breach resulted in substantial prejudice).

For these reasons, the Court DENIES Defendant's motion as to lack of notice.

ii. *Voluntary Payment*

Defendant next argues it is not liable because Plaintiff made a voluntary payment to satisfy the subrogation claim without giving Defendant notice of the loss.  (ECF No. 21 at 8–9.)  As discussed above, the Court finds Plaintiff has plausibly alleged he gave Defendant sufficient notice of the underlying collision.  Defendant does not present any other argument or authority to support the contention that Plaintiff's payment negates Defendant's alleged wrongful denial of coverage.  *See, e.g.*, *Peterson v. Allstate Ins. Co.*, 164 Cal. 2d 517, 521 (1958) (an insured is justified to proceed on their own account to protect themselves — including making a payment — when an insurer wrongfully denies coverage).

5

### iii. Coverage Under the Policy

Defendant lastly argues it had no duty to defend or indemnify Plaintiff because Plaintiff was not driving a covered vehicle under the policy. (ECF No. 21 at 9–10.) In opposition, Plaintiff argues it relied on Defendant's misrepresentation that there was coverage for the Chrysler and consequently did nothing to protect himself against liability and damages for the third-party claims. (ECF No. 23 at 8.)

"Absent some notice or warning, an insured should be able to rely on an agent's representations of coverage without independently verifying the accuracy of those representations by examining the relevant policy provisions. This is particularly true [because] . . . few if any terms of an insurance policy can be clearly and completely understood by persons untrained in insurance law." *Clement v. Smith*, 16 Cal. 4th 39, 45 (1993).

Here, Plaintiff alleges Defendant's employee sent an email on July 13, 2016, confirming the Chrysler had the same liability coverage as the Avalon. (ECF No. 19 at 6.) While Plaintiff attaches a letter from Defendant denying coverage for Plaintiff's property claim on July 18, 2016, Plaintiff alleges there was no mention of the third-party claims for bodily injury or property damage in the letter. (*Id.* at 4.) Plaintiff alleges he did not take any action to protect himself because he relied on the July 13, 2016 email and the lack of further communication explicitly denying coverage for bodily injury and property damage for the third-party claims. (*Id.* at 4, 8.)

Taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, Plaintiff has alleged sufficient facts that he relied on Defendant's representation of coverage for the Chrysler. *See Clement*, 16 Cal. 4th at 45. Further, California courts have recognized it is the insurer's duty to inform the insured of its rights under the policy especially when an insured's apparent lack of knowledge may result in a loss of benefits, as is alleged to have occurred here. *Jones v. Grewe*, 89 Cal. 3d 950, 955 (1987).

Accordingly, the Court DENIES Defendant's motion to dismiss Claims One and Two.[2]

---

[2] To the extent Defendant intends to raise a statute of limitations argument as to the breach of contract claim, Defendant seems to base such an argument on Plaintiff's alleged lack of notice, which has already been rejected by this Court. (*See* ECF No. 21 at 11.)

      B.     <u>Claim Three</u>

Defendant argues Plaintiff's deceit/fraud claim should be dismissed because the SAC fails to plead the claim with the requisite particularity and fails to state a prima facie case for fraud. (ECF No. 21 at 11–12.)

A fraud claim "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). A court may dismiss a claim for failing to satisfy Rule 9(b)'s heightened pleading requirements. *See Vess v. Ciba—Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). Under this heightened pleading standard, a party must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020) (quoting *Davidson v. Kimberly—Clark*, 889 F.3d 956, 964 (9th Cir. 2018)). The complaint must contain enough detail to put a defendant on notice of the alleged misconduct so they may "defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106.

Plaintiff alleges Defendant's employee misled Plaintiff into believing the Chrysler would have the same coverage as the vehicle listed on the policy. (ECF No. 19 at 15.) Plaintiff further alleges this misrepresentation occurred via email on July 18, 2016. (*Id.* at 15–16.) In addition, Plaintiff alleges five days prior to that false statement, the same employee wrote that no further information was needed to accept or decline the claim of "damage and injury of the other party," and after July 18, 2016, Defendant continued to confirm Plaintiff was insured and the claim file was open. (*Id.*) Plaintiff alleges these statements were misleading because they led Plaintiff to believe "he would be provided coverage for the loss incurred as a result of legal liability" and false because Defendant did not provide coverage despite representing that it would. (*Id.* at 16.) These allegations are sufficient to satisfy Rule 9(b). *See Moore*, 966 F.3d at 1019.

Accordingly, the Court DENIES Defendant's motion to dismiss Claim Three.

            *i.*     *Punitive Damages*

Finally, Defendant requests the Court to strike Plaintiff's claims for punitive damages. (ECF No. 21 at 15.)

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court will only consider striking a defense or allegation if it fits within one of these five categories. *Yursik v. Inland Crop Dusters Inc.*, No. CV-F-11-01602-LJO-JLT, 2011 WL 5592888, at *3 (E.D. Cal. Nov. 16, 2011) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010)). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). If a court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the allegations for adjudication on the merits after proper development of the factual nature of the claims through discovery. *See generally Whittlestone*, 618 F.3d at 974–75.

Under California law, punitive damages are not available for breaches of contract no matter how gross or willful. *Consolidated Data Terminals v. Applied Digital Data Systems, Inc.*, 708 F.2d 385, 399 (9th Cir. 1983). To obtain punitive damages, a plaintiff must meet the requirements of California Civil Code § 3294 and show "that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294.

As discussed, the Court finds Plaintiff has adequately pleaded his fraud claim. *See Smith v. Superior Court*, 10 Cal. 4th 1033, 1041–42 (1992). Accordingly, the Court DENIES Defendant's motion to strike Plaintiff's claims for punitive damages.

### IV.  CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 20) is hereby DENIED. Defendant shall file an answer not later than thirty (30) days from the electronic filing date of this Order.

IT IS SO ORDERED.

Date:  November 9, 2021

Troy L. Nunley
United States District Judge

8